UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-82123-CV-MIDDLEBROOKS

MAXIMO GOMEZ,

    Plaintiff,

v.

SERGEANT N. JEFFERSON,
et al.,

    Defendants.
_____/

## ORDER SCREENING CIVIL RIGHTS COMPLAINT UNDER THE PRISON LITIGATION REFORM ACT ("PLRA")

**THIS CAUSE** is before the Court on Plaintiff Maximo Gomez's ("Plaintiff") *pro se* civil rights complaint filed under 42 U.S.C. § 1983 ("Complaint") alleging violations of his constitutional rights while confined at the South Bay Correctional Facility ("South Bay"). (DE 1). Plaintiff sues the following Defendants (jointly the "Defendants"): (1) Sergeant N. Jefferson ("Jefferson"); (2) Corrections Officer F.O. Hopson ("Hopson"); and, (3) Corrections Officer M. Allen ("Allen"),[1] all employees of South Bay. (*Id.* at 1, 4-5). For the reasons discussed below, this action shall **PROCEED** on Plaintiff's Eighth Amendment and punitive damages claims against the named Defendants.

### I.    FACTUAL ALLEGATIONS

Plaintiff filed this Complaint alleging an Eighth Amendment claim arising from the Defendants' failure to protect him from being attacked by another inmate on May 13, 2019. (*Id.*).

---

[1] Plaintiff lists this Defendant's name interchangeably as "M. Allen" and "N. Allen." *See* (DE 1, 4-5).

Specifically, on May 13, 2019, Plaintiff alleges Defendants Allen and Hopson were verbally abusive because Plaintiff had filed a sexual battery grievance against Officer C. Burgess. (*Id.* at 7, ¶ 4). On that day, Plaintiff claims he was searched before being allowed to go to the recreation yard. (*Id.* at 7, ¶ 7). Plaintiff maintains he observed Allen and Hopson skipped over an inmate, proceeded to inmate Steven Sullivan's ("Sullivan") cell, number M4-204, at which time he was removed from his cell so that he could go to the recreation yard. (*Id.* at 8, ¶ 10). Plaintiff further alleges he overheard Jefferson state he was not "going to miss this action for nothing in the world." (*Id.* at 8, ¶ 12).

Plaintiff alleges that once he and Sullivan were in the recreation yard, both their restraints were removed. (*Id.* at 8, ¶¶ 15-16). Plaintiff then heard Hopson scream to Sullivan, "Now, attack him." (*Id.* at 8, ¶ 20). In response, Plaintiff alleges Sullivan walked up to him and kicked him in the face while he was doing push-ups, and continued punching and kicking him in and about his body. (*Id.* at 8-9, ¶¶ 21, 23). Plaintiff maintains the assault was video-recorded and lasted approximately forty-five minutes. (*Id.* at 10, ¶¶ 30-31). Plaintiff alleges he observed the Defendants, who were standing by watching the attack, and rather than stop or intervene, they stood by doing nothing other than to cheer-on Sullivan, telling him to beat and kill Plaintiff. (*Id.* at 9, ¶¶ 25-27). Plaintiff claims the beating only ceased when Jefferson and Allen told Sullivan to stop, as Hopson walked away. (*Id.*).

Plaintiff further claims Captain David Hobbs investigated the incident, took photographs, and ordered Plaintiff transported to Lakeland Park Hospital. (*Id.* at 10, ¶ 40).

Plaintiff seeks compensatory and punitive damages against the named Defendants. (*Id.* at 12, ¶¶ (2)-(5).

## II.   STANDARD OF REVIEW

Because Plaintiff seeks redress from state governmental entities, employees, or officers, his Complaint is subject to screening under 28 U.S.C. § 1915A.[2] Title 28 U.S.C. § 1915A authorizes dismissal of an inmate's civil action complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915A(b)(1); *Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007) (per curiam). An action is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.2d 1346, 1349 (11th Cir. 2001). Under 28 U.S.C. § 1915(e)(2)(B)(ii), a complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the light most favorable to Plaintiff. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017).

"A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). That leniency, however, "does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action." *Shuler v. Ingram & Assocs.*, 441 F.

---

[2] The provision states "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

App'x 712, 716 n.3 (11th Cir. 2011); *Golfin v. Sec'y, Fla. Dep't of Corr.*, 276 F. App'x 908, 908 (11th Cir. 2008) ("[W]e will not act as *de facto* counsel for a *pro se* litigant."). Thus, to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.*

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under § 1915(e)(2)(B)(i), courts may dismiss any claims for frivolousness. A frivolous claim is one "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

A dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III. DISCUSSION

A. <u>**Eighth Amendment Claim**</u>

Plaintiff alleges that his Eighth Amendment rights were violated by the Defendants who failed to keep him safe from harm.

1. *Applicable Law*

The Eighth Amendment governs the conditions under which convicted prisoners are confined and imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). Prison officials have a duty to take reasonable measures to protect prisoners from violent attacks by other inmates. *Id.* at 833-34. This is because "[b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 834. However, that does not mean that prison officials are liable for every act of inmate-on-inmate violence. *Id.* at 834.

"A prison official violates the Eighth Amendment 'when a substantial risk of serious harm, *of which the official is subjectively aware*, exists and the official does not respond reasonably to the risk.'" *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014)(emphasis in original)(citation omitted). To establish a Section 1983 deliberate indifference claim based on a failure to protect, Plaintiff must demonstrate: "'(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" *See Owens v. Sec'y, Fla. Dep't of Corr.*, 812 F. App'x 861, 867 (11th Cir. 2020)(quoting *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (per curiam)). "The first element of deliberate indifference--whether there was a substantial risk of harm--is assessed objectively and requires the plaintiff to show 'conditions that were extreme and posed an unreasonable risk of injury to his future health or safety.'"

*Marbury*, 936 F.3d at 1233. In this context, deliberate indifference requires: (1) the defendant's subjective knowledge of the risk of serious harm; (2) disregard of that risk; and (3) conduct that amounts to more than mere negligence. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). A prison official has subjective knowledge of a risk of serious harm only if he had knowledge of specific facts from which an inference of the risk could be drawn, and he actually drew that inference. *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (per curiam). "Whether a particular defendant has subjective knowledge of the risk of serious harm is a question of fact 'subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007) (quoting *Farmer*, 511 U.S. at 842). Further, an officer must be in a position to intervene in order to be liable for a failure to protect. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008)(citing *Parker v. City of Riviera Beach, Fla.*, 208 F.3d 919, 924 (11th Cir. 2000)).

    2.    *Analysis*

        (a)    <u>Substantial Risk of Harm</u>

Plaintiff has alleged sufficient facts as to the first element of deliberate indifference--whether there was a substantial risk of serious harm--which is assessed objectively and requires Plaintiff to show "conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." I find Plaintiff has alleged sufficient facts upon which a jury could conclude that Sullivan was purposefully unrestrained and ordered to attack Plaintiff in order to kill him. Plaintiff has further alleged sufficient facts that the Defendants stood by, doing nothing to stop or otherwise prevent the attack they orchestrated. Thus, I find Plaintiff has alleged facts that,

if true, demonstrate he faced a substantial risk of serious harm. *See e.g., Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1320 (11th Cir. 2005) (finding an excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm).

      (b)     <u>Deliberate Indifference</u>

The second element--whether the Defendant was deliberately indifferent to that risk--has both a subjective and an objective component. To satisfy the subjective component, a plaintiff must allege facts that would allow a jury to conclude that the defendant actually knew that the plaintiff faced a substantial risk of serious harm. *Caldwell*, 748 F.3d at 1090. To satisfy the objective component, a plaintiff must allege facts showing that the defendant disregarded that known risk by failing to respond to it in an objectively reasonable manner. *See id.*

      (1)     *Subjective Component.* At this preliminary stage, Plaintiff has alleged sufficient facts upon which a jury could infer that Plaintiff feared serious harm, given the Defendants' past threats for filing a grievance against another officer and Plaintiff's observations of the Defendants' conduct that day, and that Defendants were aware of this. *See Caldwell*, 748 F.3d at 1101. Thus, Plaintiff has adequately alleged that Defendants were subjectively aware of a substantial risk of serious harm to Plaintiff.

      (2)     *Objective Component.* The second prong of the deliberate indifferent element requires Plaintiff to demonstrate that the officer responded in an objectively unreasonable manner to the substantial risk of serious harm. *See Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 620 (11th Cir. 2007). "An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly [or] recklessly declined to act." *Id.* (quotation marks and citation omitted); *accord LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (explaining that the proper inquiry is whether a prison official "knowingly or recklessly

disregarded solutions within his means"). Plaintiff has alleged sufficient facts to establish that once Sullivan followed through on the Defendants' orders to assault him, they did not intervene or otherwise stop the attack they orchestrated and/or otherwise facilitated because they wanted Plaintiff killed. On these facts, a jury could conclude that Defendants did not respond reasonably to the substantial risk of harm Plaintiff faced. *See Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1584 (11th Cir. 1995) ("A jury could find that despite any efforts [the sheriff] made . . ., [he] was deliberately indifferent by disregarding 'alternative means' or interim measures for reducing the risk of violence such as those advanced by Hale." (quoting *LaMarca*, 995 F.2d at 1536).

    (3) *Causation.* Finally, I must consider whether the Defendants caused Plaintiff's Eighth Amendment violation. To do so, I must determine whether Defendants were "'in a position to take steps that could have averted the . . . incident . . . but, through [deliberate] indifference, failed to do so." *Rodriguez*, 508 F.2d at 622 (citing *Williams v. Bennett*, 689 F.2d 1370, 1384 (11th Cir. 1982). Whether Plaintiff's injuries were caused by Defendants requires looking at Defendants' "'duties, discretion and means.'" *Id.* (quoting *Williams*, 689 F.2d at 1384). The Eleventh Circuit has held that a Plaintiff can demonstrate the "necessary causal link" by showing the prison official "(1) 'had the means to improve' the inmate's safety, (2) 'knew that the actions he undertook would be insufficient to provide [the inmate] with reasonable protection from violence,' and (3) had 'other means [ ] available to him which he nevertheless disregarded.'" *Id.* (quoting *LaMarca*, 995 F.2d at 1539). At this stage of the proceeding, Plaintiff has sufficiently alleged that Defendants had the means to ensure Plaintiff's safety and did nothing to ensure his safety after ordering Sullivan to assault him, despite having the ability to intervene and stop the attack.

3.  *Conclusion*

Given the foregoing, I find Plaintiff has alleged sufficient facts to support a deliberate indifference claim arising from the Defendants' failure to keep him safe from harm. Thus, Plaintiff's Eighth Amendment deliberate indifference claim shall **PROCEED** against the named Defendants.

**B.     Punitive Damages Claim**

Plaintiff also seeks punitive damages against the named Defendants. (*Id.* at 12, ¶¶ (2)-(5)). "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). "While the *Smith* Court determined that it was unnecessary to show actual malice to qualify for a punitive award, . . . its intent standard, at a minimum, required recklessness in its subjective form." *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999). *Smith* refers to a "subjective consciousness" of a risk of injury or illegality and a "criminal indifference to civil obligations." *Smith*, 461 U.S. at 45–48 (quoting *Philadelphia, W. & B.R. Co. v. Quigley*, 62 U.S. 202, 214 (1858).

The deliberate indifference claim has been allowed to proceed against the named Defendants because Plaintiff has sufficiently alleged Defendants acted with malice ordering another inmate to beat him for filing a grievance against another officer, as he was doing push-ups in the recreation area. Thus, the punitive damages claim shall also **PROCEED** as to the named Defendants.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED as follows:**

1. Plaintiff's Eighth Amendment claim of deliberate indifference shall **PROCEED** against the named Defendants; and,

2. Plaintiff's punitive damages claim shall **PROCEED** against the named Defendants.

**SIGNED** in Chambers at West Palm Beach, Florida this ___ day of December, 2021.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:
Maximo Gomez, *Pro Se*
DC#M11644
Columbia Correctional Institution-Annex
Inmate Mail/Parcels
216 S.E. Corrections Way
Lake City, FL 32025-2013