103860-7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-cv-82123-DMM

MAXIMO GOMEZ,

       Plaintiff,

v.

SERGEANT N. JEFFERSON,
OFFICER F.O. HOPSON,
OFFICER M. ALLEN,
INDIVIDUALLY SUED,

       Defendants.

_____/

**DEFENDANTS, OFFICER M. ALLEN, OFFICER F.O. HOPSON AND
SERGEANT N. JEFFERSON'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

      Defendants, Officer M. Allen, Officer F.O. Hopson, and Sergeant N. Jefferson (collectively, "Defendants"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida, hereby files this Motion to Dismiss Plaintiff's Complaint for Damages [ECF No. 1], as Plaintiff failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act, and Plaintiff's Complaint is deficient under Federal Rule of Civil Procedure 8(a).  In further support, Defendants state the following:

CASE NO. 21-cv-82123-DMM

## I.    BACKGROUND[1]

This matter generally arises from certain alleged acts concerning Officer M. Allen's, Sergeant N. Jefferson's, and Officer F.O. Hopson's alleged deprivation under the color of state law, or rights guaranteed by the 8th and 14th Amendments to the United States Constitution. (*See generally* Compl.)

On November 23, 2021, Plaintiff filed his 72-paragraph Complaint against Defendants generally alleging violations of 42 U.S.C. Section 1983. (*See id.*) However, the Complaint does not expound an individualized cause of action against Officer M. Allen, Sergeant N. Jefferson, and Officer F.O. Hopson. (*See id.*) Officer M. Allen and Sergeant N. Jefferson were apparently served with a copy of the Complaint on December 2, 2021. (*See id.*) Plaintiff generally brings an action for declaratory judgment and damages against Officer M. Allen, Sergeant N. Jefferson, and Officer F.O. Hopson. (*See generally id.*) However, Plaintiff failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act (the "PLRA"), and Plaintiff's Complaint is deficient under Federal Rule of Civil Procedure 8(a).

## II.    MEMORANDUM OF LAW

### A.    Legal Standards

#### 1.    *PLRA Exhaustion Requirement*

The PLRA requires prisoners to exhaust all available administrative remedies before bringing a claim. *See* 42 U.S.C. § 1997e(a). "[D]eciding a motion to dismiss for failure to exhaust

---

[1]  The allegations set forth in the Complaint are detailed herein with the presumption of proof required at this stage of the proceedings on a Rule 12(b)(6) motion to dismiss. However, nothing stated herein should be taken as an admission by Defendants to the veracity of the allegations as pleaded.

administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* Once the court determines the disputed issues of fact, if any, it then decides whether under those findings if the prisoner has exhausted his available administrative remedies. *See id.*

### 2.    *Federal Rule of Civil Procedure 8(a)*

A district court has the inherent authority to require a plaintiff to replead a case in accordance with Federal Rules of Civil Procedure 8(a)(2). *See Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996). Rule 8(a)(2) requires pleadings to contain a "short and plain statement of the claim" showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Thereunder "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Consequently, "to state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

CASE NO. 21-cv-82123-DMM

**B.      Analysis**

       **1.      *Plaintiff failed to exhaust his administrative remedies under the PLRA, and Plaintiff's Complaint must be dismissed on that basis.***

Plaintiff improperly and prematurely filed his Complaint without exhausting his administrative remedies available to him.  Under the PLRA, a prisoner cannot initiate a civil claim with respect to prison conditions until any and all available administrative remedies are exhausted. *See* 42 U.S.C. § 1997e(a).  "The Supreme Court has noted that this statutory language means that [e]xhaustion is no longer left to the discretion of the district court, but is mandatory." *Geter v. Baldwin State Prison*, 974 F.3d 1348, 1354 (11th Cir. 2020) (internal citation omitted).  "The exhaustion requirement drawn from the PLRA means *proper exhaustion*." *Id.* (Emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.*  Similarly, a prisoner has not performed "proper exhaustion" even if he submitted grievance requests, when there are additional departmental policies. *Id.* (prisoner did not comply with department policy when he submitted a grievance form that combined multiple grievance issues into one form, and therefore "[he] did not properly exhaust his administrative remedies").

Here, the Complaint alleges "Plaintiff Gomez used the prisoner's grievance procedure to try to solve the problem, 'all' grievance procedure was exhausted and denied . . . ." (*See* Compl.) According to Rule 33-103.006(2)(f), Florida Administrative Code, a formal grievance prepared by a prisoner must "address only one issue or complaint."  However, the grievance form submitted by Plaintiff complains of multiple alleged incidents, including the subject of the Complaint.  (*See*

CASE NO. 21-cv-82123-DMM

*Compl.*)  Plaintiff's alleged grievance request was improper on its face and fails to comport with the procedural requirements under Rule 33-103.006.  As such, Plaintiff did not *properly* exhaust his administrative remedies since he failed to comply with the procedural requirements under Rule 33-103.006.  Because Plaintiff failed to exhaust his administrative remedies prior to bringing his claims against Defendants, all of his claims must be precluded and subject to dismissal as this Court does not have jurisdiction to consider the merits of the claims.  *See Turner*, 541 F.3d at 1082 (procedurally, failure to properly exhaust administrative remedies under the PLRA is treated as the court lacking jurisdiction).

> ### 2. *Plaintiff's Complaint improperly comingles multiple claims against various Defendants in violation of Rule 8(a), and must be dismissed on that basis.*

The Complaint is improperly and confusingly comingled and alleged against the three (3) defendants without specifying the basis for the claims against any particular named Defendant. Under Rule 8(a), when a complaint alleges that several defendants are liable for multiple claims, courts must determine whether the complaint gives fair notice to each defendant.  *See Ramos v. Cty. of Miami Dade*, No. 12-21888-CIV, 2012 WL 3962436, at *3 (S.D. Fla. Sept. 10, 2012). Although a complaint against multiple defendants can be read as making the same allegation against each defendant individually, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (citation omitted). "Accordingly, at times, a plaintiff's 'grouping' of defendants in a complaint may require a more definite statement. *George & Co. v. Alibaba.com, Inc.,* No. 2:10–cv–719–FtM–29DNF, 2011 WL 6181940, at *2 (M.D. Fla. Dec.13, 2011) (citations omitted).  A complaint that simply "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their

CASE NO. 21-cv-82123-DMM

conduct" fails to satisfy Rule 8.  *Lane v. Capital Acquisitions & Mgmt. Co.,* No. 04–60602 CIV, 2006 W L 4590705, at *5 (S.D. Fla. Apr. 14, 2006).  *Cf. DeSisto College, Inc. v. Line*, 888 F.2d 755, 764 (11th Cir. 1989) (affirming the district court's decision to sanction plaintiff's counsel when the plaintiff's third amended complaint did not comply with the district court's order requiring the plaintiff to separate the counts for the defendants' actions taken in their individual capacity from those taken in their official capacity).

Here, the Complaint generically lump unspecified claims against Officer M. Allen, Sergeant N. Jefferson, and Officer F.O. Hopson without attributing any allegedly wrongful conduct to any of the individually named Defendants.  Because Plaintiff has made these claims against all three (3) defendants without specifically attributing conduct to the individual Defendant, and instead making claims against "Defendants," generally, these counts fail to satisfy Rule 8(a) for the additional reason that they are impermissibly comingled, justifying dismissal.

WHEREFORE, Defendants, Sergeant N. Jefferson, Officer F.O. Hopson, and Officer M. Allen, respectfully requests this Honorable Court grant their Motion to Dismiss Plaintiff's Complaint, dismiss Plaintiff's Complaint, and for any other relief the Court deems appropriate.

Dated: 1/11/2022

Respectfully submitted,

*/s/ Michael A. Weitzner*
Carlos A. Garcia, Esquire
Florida Bar No. 99768
CGarcia@WickerSmith.com
Michael A. Weitzner, Esquire
Florida Bar No. 1025786
MWeitzner@WickerSmith.com
WICKER SMITH O'HARA MCCOY & FORD, P.A.

- 6 -

CASE NO. 21-cv-82123-DMM

Attorneys for Sergeant N. Jefferson, Officer F.O.
Hopson, and Officer M. Allen
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Phone: (954) 847-4800
Fax: (954) 760-9353
ftlcrtpleadings@wickersmith.com

CASE NO. 21-cv-82123-DMM

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on January 11, 2022, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

_/s/ Michael A. Weitzner, Esq._
Carlos A. Garcia, Esquire
Michael A. Weitzner, Esquire