UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-82123-CV-MIDDLEBROOKS

MAXIMO GOMEZ,

    Plaintiff,

v.

SERGEANT N. JEFFERSON, *et al.,*

    Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS FILED BY DEFENDANTS M. ALLEN, F. O. HOPSON, AND N. JEFFERSON

**THIS CAUSE** is before the Court on the Motion to Dismiss filed on January 11, 2022 by Defendants Officer M. Allen ("Allen"), Officer F. O. Hopson ("Hopson"), and Sergeant N. Jefferson ("Jefferson") (collectively, "Defendants"). (DE 16). Defendants argue that Plaintiff Maximo Gomez's ("Plaintiff") Complaint ("Complaint") (DE 1) should be dismissed because Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), codified at 42 U.S.C. § 1997e(a), prior to filing suit. (*Id.* at 1, 4). Defendants also argue the Complaint should be dismissed because it "comingles multiple claims," and fails to specifically attribute conduct to each named Defendant. (*Id.* at 5-6).

I have considered the Amended Complaint (DE 1), the Defendants' Motion (DE 16), and pertinent portions of the record. For the reasons discussed below, Defendants' Motion to Dismiss is **DENIED.**

### I. BACKGROUND

Plaintiff, while confined at the South Bay Correctional Facility ("South Bay"), filed this Complaint alleging an Eighth Amendment claim arising from the Defendants' failure to protect

him from being attacked by another inmate on May 13, 2019. (DE 1). Therein, Plaintiff alleges that, prior to filing suit, he exhausted all of his administrative grievances. (DE 1 at 12; DE 1-1, Ex. B).

## II. DISCUSSION

### A. <u>Failure to Exhaust Administrative Remedies</u>

Defendants argue that Plaintiff failed to exhaust his administrative remedies because on the face of the grievance appeal Plaintiff raised multiple claims in violation of the Florida Administrative Code. (DE 37). Defendants do not provide any affidavits or copies of all relevant grievances to support its lack of exhaustion defense. Further, when considering the Complaint and its supporting exhibits, it is readily apparent to me that Defendants' arguments are refuted by the record and border on the frivolous.

The uncontroverted evidence reveals as follows. Attached to his Complaint as Exhibit B is a "Table of Grievance Log" prepared by Plaintiff showing the grievance filed relating to the complained of incident and its disposition. (DE 1-1 at 6). This exhibit reveals that on May 21, 2019, Plaintiff filed a "Formal Grievance" upon arrival at Martin CI relating to the complained of failure to protect from physical assault, assigned log number 1905-430-130, which was denied on May 30, 2019. (*Id.*). Next, Exhibit B reveals on June 5, 2019, Plaintiff appealed the denial with the Secretary for the Florida Department of Corrections, which was assigned log number 19-6-22515, and subsequently denied on June 20, 2019, on the finding that Plaintiff's grievance had previously been referred to the Office of the Inspector General. (*Id.* at 6-7). On June 28, 2019, Plaintiff filed a "Grievance of Clarification" with the Secretary for the Florida Department of Corrections, assigned log number 19-6-25801, which was then referred to the Inspector General. (*Id.* at 6). On October 21, 2019, following review of the May 13, 2019 videos of the assault by

Inspector General Ericka Williams, Plaintiff was transferred to Martin CI and his assailant, Inmate Sullivan was placed in close management confinement status. (*Id.*).

(1)     *Applicable Law*

Under the PLRA, an inmate must exhaust his administrative remedies before filing a civil rights action in federal court under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524 (2002); *Dimanche v. Brown,* 783 F.3d 1204, 1210 (11th Cir. 2015). The exhaustion requirement is mandatory, and courts do not have any discretion to waive it. *Booth v. Churner,* 532 U.S. 731, 741 (2001) (stating that Congress "mandated exhaustion" under the PLRA). The PLRA also requires proper exhaustion, meaning that an inmate must comply with the procedural rules and deadlines of an institution for filing and appealing a grievance. *Woodford v. Ngo,* 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules.. . ."); *Jones v. Bock*, 549 U.S. 199, 217-18 (2007). Inmates "are not required to specially plead or demonstrate exhaustion in their complaints," an inmate's failure to exhaust administrative remedies "is an affirmative defense under the PLRA." *Jones*, 549 U.S. at 199. In the Eleventh Circuit, "[b]ecause exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'" *Bryant*, 530 F.3d at 1374-75 (citations and quotations omitted). In such a case, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunit[ies] to develop a record." *Id.* at 1376 (citations omitted).

When deciding whether a prisoner has exhausted his administrative remedies under the PLRA, the Court must follow a "two-step process" to determine whether dismissal for failure to

exhaust administrative remedies is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Whatley v. Smith,* 898 F.3d 1072, 1082 (11th Cir. 2018) (citing *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). At the first step, a district court must look to the factual allegations in the defendant's motion to dismiss to determine whether the complaint should be dismissed for lack of exhaustion "tak[ing] the plaintiff's version of the facts as true." *Turner,* 541 F.3d at 1082. If the version of facts conflict, courts must "take the plaintiff's version of the facts as true. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.'" *Dimanche,* 783 F.3d at 1210 (quoting *Turner*, 541 F.3d at 1082). "Second, '[i]f the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.'. . ." *Id.* (quoting *Turner*, 541 F.3d at 1082). "'Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his administrative remedies.'" *Id.* (quoting *Turner*, 541 F.3d at 1083). Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id.* at 1210 (quoting *Turner*, 541 F.3d at 1082).

    (2)    *Analysis*

        **a.**    ***Turner* Analysis Step One**

Under *Turner,* I first look to the factual allegations in Defendants' Motion in light of the record before the Court and if they conflict, I will take Plaintiff's version of the facts as true. *See Turner,* 541 F.3d at 1082. The Parties' versions of the facts conflict in that Plaintiff alleges he exhausted his administrative grievances, and has provided exhibits and a grievance table supporting this fact. On the other hand, Defendants argue that because Plaintiff's grievance appeal

did not comply with the Florida Administrative Code, he did not properly exhaust his administrative remedies. Under the first *Turner* step, I credit Plaintiff's allegations as true. *See Turner,* 541 F.3d at 1082. Plaintiff's grievance log summary, exhibits, and allegations support a finding that Plaintiff complied with the Florida Administrative Code's pre-suit three-step exhaustion process. In fact, contrary to the Defendant's argument, the now challenged grievance appeal was denied, not because of a procedural deficiency, but because the nature of the May 13, 2019 incident was already being investigated by Internal Affairs. Since Plaintiff's version of events regarding the filing of his grievances does not entitle Defendants to dismissal, I must proceed to the second *Turner* step below.

        **b.**     ***Turner* Analysis Step Two**

At step two, the burden of proof remains on the Defendants to show that Plaintiff failed to exhaust his available administrative remedies. *Turner,* 541 F.3d at 1082. At this step, the Court may weigh the evidence and make credibility determinations. *Whatley,* 898 F.3d at 1083 (citation omitted).

Notably, the Defendants have neither provided copies of the grievances nor grievance logs, much less any other objective evidence to rebut Plaintiff's representation that he exhausted his administrative remedies. Instead, Defendants argue that the grievance history provided by Plaintiff "was improper on its face" because it complained of multiple incidents in violation of Fla. Admin. Code R. 33-103.006(2)(f). In fact, Defendants do not provide a citation to which precise exhibit it is referring to, other than to suggest it is attached to the Complaint. (*See* DE 16 at 4-5). In any event, it appears Defendants may be relying upon the sole June 5, 2019 grievance appeal filed by Plaintiff and assigned log number 19-6-22515. (DE 1-1, Ex. B at 8). That grievance, however, was not denied because it violated the Florida Administrative Code, but because the subject of his

grievance had previously been referred to the Office of the Inspector General ("Inspector General"), and it was "the responsibility of that office to determine the amount and type of inquiry that will be conducted," and following their investigation, "information will be provided to appropriate administrators for final determination and handling." (*Id.*). Thus, at this step, Defendants have not demonstrated with credible evidence that Plaintiff failed to exhaust his administrative remedies and the record proves otherwise.

Defendants contend that Plaintiff's grievance appeal was improper, suggesting it was denied because it did not comply with the proper form for submitting a grievance under the Florida Administrative Code. But an inmate "has exhausted his administrative remedies when prison officials decide a procedurally flawed grievance on the merits." *Id.* at 1080 (citation omitted). "[D]istrict courts may not enforce a prison's procedural rule to find a lack of exhaustion after the prison itself declined to enforce the rule." *Id.* (citation omitted). That is exactly what Defendants are attempting to do here. Defendants cannot argue that Plaintiff's Grievance Appeal did not satisfy the exhaustion requirement where the prison facility's response did not explicitly rely on this purported procedural deficiency when rejecting the claim. *See Whatley,* 898 F.3d at 1084 (holding that "a prison waives its procedural objections to considering the merits of a grievance, and therefore waives its exhaustion defense, if it does not *explicitly* rely on the grievance's procedural shortcomings as an adequate and independent ground for denying the grievance at the administrative level") (emphasis in original)).

Moreover, I am not even persuaded that the facility actually *rejected* Plaintiff's Informal Grievance, and the record proves otherwise. To the contrary, I find the June 20, 2019 Response was not denied for being in non-compliance with the Florida Administrative Code, but rather it was effectively a resolution of that grievance such that no further action was required on the part

of Plaintiff.

Contrary to the position advanced by Defendants, I find Plaintiff has alleged in the Complaint that he properly exhausted his administrative remedies, and he has provided objective evidence in support thereof which Defendants have failed to rebut. Therefore, Defendants' Motion to Dismiss for lack of exhaustion is DENIED.

**B.     Dismissal for Failure to State a Claim**

Defendants next argue the Complaint should be dismissed for violation of Fed. R. Civ. P. 8(a), because it comingles multiple claims against various Defendants. (DE 16 at 5-6). Defendants maintain "the Complaint lump unspecified claims . . . without attributing any allegedly wrongful conduct to any of the individually named Defendants." (*Id.* at 6).

A complaint should not be dismissed for failure to state a claim where the factual allegations are sufficient to raise a right to relief above the speculative level, even if doubtful in fact. *See Bell Atlantic Corp. v. v. Twombly,* 550 U.S. 544, 555-56 (2007) (citations omitted).

After screening the Complaint under the PLRA, I entered a detailed Order specifically finding the Complaint alleged sufficient facts to support an Eighth Amendment deliberate indifference claim against the Defendants. (DE 6). Contrary to Defendants argument, Plaintiff alleged conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety. In the Complaint, Plaintiff alleged that inmate Sullivan was purposefully unrestrained and ordered to attack and kill him. (DE 1 at 7-8). Plaintiff explains how the attack was orchestrated and the role each named Defendant played in causing its execution. (*See* DE 1 at 7-8). For example, the complaint states that Allen and Hopson skipped inmates, proceeding to Sullivan, removing him from his cell so that he could proceed to the recreation yard. (*Id.*). Hopson then allegedly ordered the inmate Sullivan to attack Plaintiff. (*Id.*). Plaintiff alleges that the named

Defendants stood by and did nothing, as Sullivan punched and kicked Plaintiff. (*Id.* at 8-10). Plaintiff further alleges the Defendants "cheered" Sullivan, telling him to beat and kill Plaintiff. (*Id.*). According to the Complaint, the beating eventually stopped, but only when Jefferson and Allen told Sullivan to cease as Hopson walked away. (*Id.* at 10). Thus, contrary to Defendants' argument, the Complaint provides sufficient facts to state an Eighth Amendment deliberate indifferent claim as to each named Defendant. *Id.* Defendants' Motion to Dismiss for failure to state a claim is therefore DENIED.

### IV.  CONCLUSION

Defendants' Motion to Dismiss raises no meritorious arguments. I find Plaintiff did exhaust his administrative remedies and Plaintiff has stated an Eighth Amendment claim upon which relief can be granted. Defendants are therefore not entitled to dismissal of the Complaint.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss (DE 16) is **DENIED;**

2. Within **fifteen (15) days** of the date of this Order, Defendants shall file an Answer to Plaintiff's Complaint (DE 1).

**SIGNED** in Chambers at West Palm Beach, Florida this 18th day of January, 2022.

Donald M. Middlebrooks
United States District Judge

cc:
Maximo Gomez
M11644
Columbia Correctional Institution-Annex
Inmate Mail/Parcels
216 S.E. Corrections Way
Lake City, FL 32025-2013

Carlos A Garcia, Esquire
Lead Attorney for Defendants
Wicker Smith O'Hara McCoy Ford, P.A.
515 E. Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301
Email: CGarcia1@wickersmith.com

Michael Andrew Weitzner, Esquire
Attorney for Defendants
Katzman Chandler
6535 Nova Drive, Suite 109
Davie, FL 33317
Email: mweitzner@wickersmith.com