**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 21-82123-CV-MIDDLEBROOKS

MAXIMO GOMEZ,

    Plaintiff,

v.

SERGEANT N. JEFFERSON, *et al.,*

    Defendants.
_____/

## ORDER SETTING TRIAL DATE AND PRETRIAL SCHEDULE AND REFERRING SETTLEMENT CONFERENCE TO MAGISTRATE JUDGE

THIS CAUSE is before the Court *sua sponte.* Pursuant to S.D. Fla. L. R. 16.1(b), it is **ORDERED AND ADJUDGED** that a trial date and pretrial schedule shall be established, as set forth below.

**TRIAL.** This case is set for trial before U.S. District Judge Donald M. Middlebrooks during the two-week trial period commencing **SEPTEMBER 26, 2022, at 9:00 a.m**., with a status conference/calendar call set for **SEPTEMBER 21, 2022, at 1:15 p.m.** at the **West Palm Beach Courthouse**.

**DISCOVERY.** Plaintiff is incarcerated and without counsel, so it would be difficult for Plaintiff or Defendant(s) to fully comply with the pretrial procedures required by S.D. Fla. L.R. 16.1. However, Fed. R. Civ. P. 1 requires a "just, speedy, and inexpensive determination of every action." To accomplish this purpose, the Parties shall abide by the following instructions and deadlines.

    1.    **Discovery Period.** All methods for disclosures and discovery, provided for under Rules 26, *et seq*. of the Federal Rules of Civil Procedure, shall be completed by **MAY 31, 2022.** This shall include all motions relating to discovery. The parties may stipulate, without court approval, to

extend a deadline for responding to a specific discovery request or for making a Fed. R. Civ. P. 26 disclosure if the extension does not interfere with the time set for completing discovery, submitting, or responding to a motion, or trial. *See* Fed. R. Civ. P. 29 and S.D. Fla. L.R. 26.1(a). If an extension of time requires court approval, no extension will be granted except for good cause and upon a showing of diligence during the initial discovery period. *See* Fed. R. Civ. P. 6(b). The filing of motions <u>shall not</u> operate to toll or extend the discovery cut-off date.

    2.    **Mandatory Disclosure of Documents and Other Materials.** Pursuant to Fed. R. Civ. P. 26(a)(1)(A), the Court may order the Parties to participate in discovery and produce initial disclosures in any matter. Pursuant to this authority, the Parties are ordered as follows:

    a.    On or before **FEBRUARY 18, 2022,** the Parties **MUST CONFER**, either telephonically or in person, for the purpose of meaningfully considering the nature and basis of their claims and defenses and discussing the possibility of a prompt settlement or resolution of the case. **Within 5 days of this conferral**, the Parties shall **JOINTLY FILE** a notice of compliance with the Court verifying that they have conferred and advising the Court of the likelihood of settlement. In their notice of compliance, The Parties **SHALL FURTHER VERIFY** that they have complied with the production of documents mandated in paragraph 2B below.

    b.    On or before **FEBRUARY 18, 2022,** the Parties are **ORDERED** to exchange the following discovery:

        i.    All grievances, appeals, and similar documents that relate to requests for administrative remedies by Plaintiff and that relate to the claims and/or defenses raised in this proceeding.

        ii.    Complaints and petitions filed by Plaintiff in any other case in any court relating to the same or similar issues raised in this action or, if Plaintiff does not possess such documents, a list of each such case stating the court in which it was filed, the case number, and its disposition.

    iii.    Defendant(s) shall produce to Plaintiff any reports or similar documents concerning any disciplinary proceedings involving Plaintiff that relate to the claims raised in this action, including reports, notices, transcripts, recordings, videos, and internal communications discussing such.

    iv.    The name and, if known, and if available, the address where each individual likely to have discoverable information, along with the subjects of that information that he may use in support of his claims or defenses, unless the use would be solely for impeachment. This includes disclosure of the identities of all persons who were present during the relevant time periods of the alleged incident(s).

    v.    Defendant(s) shall produce all files, including each closing memorandum and summary, made in the course or scope of any investigation into the allegations made by Plaintiff in this case.

    vi.    Defendant(s) shall produce a copy, or a description by category and location, of all documents, electronically stored information, and tangible things that s/he has in his/her possession, custody or control and may use to support Defendant(s)'s defenses, unless the use would be solely for impeachment.

3. **Discovery Obligations.** The Parties must comply with Fed. R. Civ. P. 26(b)(1) and (g) regarding discovery and the Parties' obligations. The Parties are reminded that they have a continuing duty to disclose to opposing parties any documents and information within the scope of this Order which are discovered and/or obtained after any initial disclosures made under this order. *See* Fed. R. Civ. P. 26(e).

4. **Resolution of Discovery-Related Issues.**

    a.    The Federal Rules of Civil Procedure set out explicit time limits for responses to discovery requests. If the attorney for the Defendants or the *pro se* Plaintiff cannot respond on time, this fact should be communicated by the most expeditious means to opposing counsel or the opposing party; and if consent to an extension of time cannot be obtained, a motion requesting the same should immediately be filed and served. In the meantime, no motion to compel a response shall be filed.

Stipulations extending the time for responses to discovery requests may be made only as authorized by Fed. R. Civ. P. 29.

  b.  The Parties *shall not file with the clerk* copies of discovery materials (including notices of depositions, deposition transcripts, interrogatories, responses to interrogatories, production requests, responses to production requests, admission requests, or responses to admission requests) unless and until needed for consideration of pending motions by the court (e.g., motion for summary judgment, motion to compel, etc.). *See* S.D. Fla. L.R. 26.1(b). Moreover, neither party may propound discovery on an opposing party by filing discovery requests through the CM/ECF system in this case, or by mailing their discovery requests to the clerk.

  c.  In making objections to discovery requests or any interrogatories, the objection shall state with specificity all grounds for non-disclosure. S.D. Fla. L.R. 26.1(e)(2)(A). Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. *Id.*

  d.  Any motion for a protective order must comply with the Federal Rules of Civil Procedure and this Court's Local Rules.

  e.  Any assertion of privilege must comply with the Federal Rules of Civil Procedure and this Court's Local Rules.

  f.  Any pleading, motion, memorandum, or other filing submitted to the Court for consideration must include a certificate stating that a true and correct copy of the pleading, motion, memorandum, or other filing was mailed to the opposing party and the date upon which it was mailed. All pleadings, motions, memoranda, or other papers filed with the clerk and must include a certificate of service or they will be disregarded by the Court. *See generally* Fed. R. Civ. P. 5. Additionally, the

Court will not review the merits of any motion to compel if a party fails to properly serve its discovery requests in conformity with Fed. R. Civ. P. 5 or Fed. R. Civ. P. 45, whichever is applicable.

     5.     **Rule 37 Sanctions.** Counsel and the *pro se* Plaintiff must attempt to resolve discovery-related issues without the court's intervention. The fact that Plaintiff is in custody shall not excuse Plaintiff or Defendant of the obligation to attempt in good faith to resolve the dispute. The court will entertain a motion with respect to matters which remain in controversy only if, after consultation and sincere attempts to resolve differences, the Parties are unable to reach an accord. Any motion filed shall include certification that such attempts have been made to resolve the dispute, in accordance with Fed. R. Civ. P. 37(a)(1) and shall be in the form required by Local Rule 26.1(g).

**JOINDER OF PARTIES AND AMENDMENT TO PLEADINGS.** The deadline for Plaintiff and Defendant(s) to join additional parties or amend the pleadings is **MARCH 4, 2022.**

**DEADLINE FOR COMPLETION OF ALL DISCOVERY.** All methods for disclosures and discovery, provided for under Rules 26, *et seq.* of the Federal Rules of Civil Procedure, shall be completed by **MAY 31, 2022.**

**SETTLEMENT CONFERENCE.** Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, this case is **HEREBY REFERRED** to United States Magistrate Judge William Matthewman for a settlement conference. Judge Matthewman will schedule the settlement conference for a date and time convenient to him. The Parties shall participate in a Settlement Conference **no later than on or before AUGUST 1, 2022.**

**DISPOSITIVE MOTIONS.** Dispositive motions, including motions for summary judgment, shall be filed on or before **JUNE 28, 2022.** Summary Judgment Motions must be filed *in strict compliance* with Fed. R. Civ. P. 56 and Southern District of Florida Local Rule 56.1, including the requirement that summary judgment motions must be accompanied by a supporting memorandum of law that

complies with the form and length requirements of Local Rule 56.1(a)(1)-(3). Noncompliant motions will be summarily stricken.

**MOTIONS IN LIMINE.** All motions in limine shall be filed by **JUNE 28, 2022.**

**PRETRIAL STATEMENTS.** Both Parties shall submit Pretrial Statements as set forth below. Failure to file the Pretrial Statement may result in dismissal of the case for failure to prosecute and/or failure to comply with a court order. Plaintiff's Pretrial Statement shall be due **on or before JULY 5, 2022.** Defendant's Pretrial Statement shall be due **on or before JULY 12, 2022.** The filing of a motion to continue trial shall not stay the requirement for the filing of Pretrial Statements. The Pretrial Statement shall contain the following information:

1. A brief general statement of what the case is about;

2. A written statement of the facts that will be offered by oral or documentary evidence at trial; this means that Plaintiff must explain what he intends to prove at trial and how he intends to prove it;

3. A list of all exhibits to be offered into evidence at the trial of the case. All exhibits must be pre-marked. A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted at the time of trial. The Parties shall submit said exhibit list on Form AO 187, which is available from the Clerk's office;

4. A list of the full names and addresses of places of employment for all witnesses who the Party intends to call. (**Note**: This Court must be notified of any changes in their addresses);

5. A list of the full names, inmate numbers, and places of incarceration of all the inmate witness who the Party intends to call. (**Note**: This Court must be notified of any changes in their addresses); and,

6. A summary of the testimony of each witness.

Failure of the Parties to disclose fully in the Pretrial Statement the substance of the evidence to be offered at trial may result in the exclusion of that evidence at the trial. Exceptions will be

(1) matters which the Court determines were not discoverable at the time of the pretrial conference, (2) privileged matters, and (3) matters to be used solely for impeachment purposes.

If Plaintiff fails to file a pretrial statement, as required by this paragraph, Defendant(s) shall notify the court of Plaintiff's failure to comply. Plaintiff is cautioned that failure to file the Pretrial Statement may result in dismissal of this case for lack of prosecution.

**DEPOSITION DESIGNATIONS.** The Parties shall file any deposition designations for use at trial no later than **JULY 19, 2022.** Objections to such designations shall be filed by **SEPTEMBER 5, 2022.** Late designations will not be admissible absent exigent circumstances.

**JURY INSTRUCTIONS.** Proposed jury instructions (or in the case of a nonjury trial, proposed findings of fact and conclusions of law) shall be filed no later than **SEPTEMBER 12, 2022**. Each jury instruction shall be typed on a separate page and, except for Eleventh Circuit Pattern instructions clearly identified as such, must be supported by citations to authority. In preparing the requested jury instructions, the Parties shall use as a guide the Pattern Jury Instructions for civil cases approved by the Eleventh Circuit, including the directions to counsel contained therein. A copy of the proposed jury instructions and verdict form shall be sent in Word or WordPerfect format to Judge Middlebrooks's CM/ECF e-filing email address.

**TRIAL EXHIBITS:** All exhibits must be pre-marked. A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted at the time of trial. The parties shall submit said exhibit list on Form AO 187, which is available from the Clerk's office.

**SETTLEMENT.** If the case is settled, counsel shall promptly inform the Court by filing a notice in the court record and, within 10 days of notification of settlement to the Court, submit an appropriate Motion and proposed order for dismissal, pursuant to Federal Rule of Civil Procedure 41(a). The

Parties shall attend all hearings and abide by all the time requirements unless and until an order of dismissal is filed.

**NON-COMPLIANCE WITH THIS ORDER.**  Non-compliance with any provision of this Order may subject the offending party to sanctions or dismissal.  It is the duty of *pro se* Plaintiff and all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

**DONE AND ORDERED** at West Palm Beach, Florida this 18th day of January, 2022.

Donald M. Middlebrooks
United States District Judge

cc:
Maximo Gomez, *Pro Se*
M11644
Columbia Correctional Institution-Annex
Inmate Mail/Parcels
216 S.E. Corrections Way
Lake City, FL 32025-2013

Carlos A Garcia, Esquire
Lead Attorney for Defendants
Wicker Smith O'Hara McCoy Ford, P.A.
515 E. Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301
Email: CGarcia1@wickersmith.com

Michael Andrew Weitzner, Esquire
Attorney for Defendants
Katzman Chandler
6535 Nova Drive, Suite 109
Davie, FL 33317
Email: mweitzner@wickersmith.com