UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LEGAL MAIL PROVIDED TO
COLUMBIA CORRECTIONAL INSTITUTION
ON 1-21-22 (DATE) FOR MAILING
GA Staff Initial ___ I/M Initial

FILED BY PG D.C.
JAN 27 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

MAXIMO GOMEZ (Pro Se)
PLAINTIFF

VS.

CASE NO: 21-CV-82123-DMM
JUDGE: HONORABLE MR. MIDDLEBROOKS

SERGEAT N. JEFFERSON
OFFICER F.O. HOPSON
OFFICER M. ALLEN
INDIVIDUALLY SUED
DEFENDANTS

PLAINTIFFS REPLY AND INCORPORATED MEMORANDUM OF IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

COMES NOW, PLAINTIFF, PROSE, IN THE ABOVE-STYLED CAUSE AND HUMBLY SUBMITS TO THIS COURT THAT HE HAS STATED A CLAIM UPON WHICH RELIEF MAY BE GRANTED. THEREFORE HIS COMPLAINT SHOULD PROCEED AND IN SUPPORT THEREOF SHOWS AS FOLLOWS:

I. FACTUAL ALLEGATIONS

PLAINTIFF FILED THIS COMPLAINT ALLEGING AN EIGHT AMENDMENT CLAIM ARISING FROM THE DEFENDANTS FAILURE TO PROTECT HIM FROM BEING ATTACKED BY ANOTHER INMATE ON MAY 13, 2019. SPECIFICALLY, ON MAY, 13, 2019 PLAINTIFF ALLEGES DEFENDANTS ALLEN AND HOPSON WERE VERBALLY ABUSIVE BECAUSE PLAINTIFF HAD FILED A SEXUAL BATTERY GRIEVANCE AGAINST OFFICER BURGESS. (AT, ON THAT DAY, PLAINTIFF WAS SEARCHED BEFORE BEING ALLOWED TO GO TO THE RECREATION YARD. PLAINTIFF OBSERVED ALLEN AND HOPSON SKIP OVER INMATE JAMES FRANCES CELL AND PROCEED TO STEVEN SULLIVAN'S (SULLIVAN) CELL, NUMBER #M4-204 UNDER VIDEO EVIDENCE AT WHICH TIME HE WAS REMOVED FROM HIS CELL SO THAT HE COULD GO TO THE RECREATION YARD. PLAINTIFF FUTHER ALLEGES HE OVERHEARD JEFFERSON STATE HE WAS NOT GOING TO MISS THIS ACTION FOR NOTHING IN THE WORLD.

Plaintiff alleges that once he and Sullivan were in the recreation yard, both their restraints were **Removed**. Plaintiff then heard Hopson scream to Sullivan, "Now, attack him". Sullivan now walks up and kicked Plaintiff in the face while he was doing push-ups, and continued punching and kicking him in and about body. Plaintiff assault was video-recorded and lasted approximately (45) minutes. Plaintiff observed the Defendant's who, were standing by watching the attack, and rather than stop or intervene, they stood by doing nothing other than to cheer on Sullivan, telling him to beat and kill Plaintiff. *(A)*

### * Failure to Intervene *

A supervisor may be liable under Section 1983 for the actions of his subordinates where as here, the supervisor exhibits deliberate indifference to an inmates safety. There is no requirement of direct participation in the constitutional violation. See e.g., Wright vs. Smith, 21 F.3D 496.501 (2nd Cir. 1994). Deliberate indifference exists where there is a substantial risk of serious harm to an inmate and the prison officials knows of the risk and disregards it by failing to take steps to prevent harm to the inmate. See Farmer, 511 U.S. at 834; See also Hayes v. New York City Dept. of Corrections, 84 F.3D 614.620 (2nd Cir 1996).

Here, the first requirement is clearly met. A violent assault took place in the presence of (SGT) Jefferson, Officer Allen, Officer Hopson. Where Plaintiff Gomez was attacked for (45) minutes without justification and solely for the purpose of causing harm, creates a substantial risk of serious harm. See Supra, I.B

### (B.) Exhaustion of Administrative Remedies.

(1) Plaintiff is aware of the exhaustion requirement of the Prison Litigation Reform Act and 42 U.S.C. §§ 1997 (E)(A) states that no action shall be brought with respect to prison conditions ... by prisoner confined in any jail, prison, or other correctional

FACILITY UNTIL SUCH ADMINISTRATIVE REMEDIES AS ARE EXHAUSTED. PLAINTIFF USED THIS COURT'S STANDARD FORM WHICH WARNED PLAINTIFF TO EXHAUST ADMINISTRATIVE REMEDIES BEFORE FILING SUIT.

PLAINTIFF HAS FOLLOWED THESE LAWS. (SEE EXHIBIT # A) ATTACHED. GRIEVANCES LOG # 19-6-25801 DENIED BY. S. MILLIKEN ON 7/12/19. SECRETARY REPRESENTATIVE FOR THE DEPARTMENT OF CORRECTIONS.

## CONCLUSION

FOR THE FOREGOING REASONS, DEFENDANTS MOTION FOR DISMISS SHOULD BE DENIED.

## VERIFICATION

I, MAXIMO GOMEZ, FILE THIS REPLY IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS AND HERE BY UNDER PENALTY OF PERJURY, I DECLARE THAT THE FORGOING IS TRUE AND CORRECT.

1/21/2022
EXECUTED DATE:

M11644

RESPECTFULLY SUBMITTED
MAXIMO GOMEZ DC#M11644
PLAINTIFF, PRO-SE,
COLUMBIA C.I., MAIN UNIT
216 S.E. CORRECTIONS WAY
LAKE CITY, FLORIDA 32025

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PLACED INTO A PRISON OFFICIALS HANDS FOR MAILING VIA U.S. FIRST CLASS MAIL TO: UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISON, OFFICE OF THE CLERK: ROOM 8N09, 400 NORTH MIAMI AVE. MIAMI, FL 33128-7716. LAW OFFICE OF ATTORNEY CARLOS A. GARCIA, ESQUIRE 515 E. LAS OLAS BOULEVARD SUNTRUST CENTER, SUITE #1400, FT. LAUDERDALE FLORIDA, 33301. EXCUTED 1/21/2022.

_____ M11644

MAXIMO GOMEZ DC# M11644
COLUMBIA C.I. MAIN UNIT
216 S.E. CORRECTIONS WAY
LAKE CITY, FL 32025

EXHIBIT #A
CASE NO: 9:21 CV 82123
JUDGE MR. MIDDLEBROOKS

| MAILED/FILED WITH AGENCY CLERK JUL 17 2019 Department of Corrections Bureau of Inmate Grievance Appeals | | PART B - RESPONSE | | |
|---|---|---|---|---|
| GOMEZ, MAXIMO | M11644 | 19-6-25801 | MARTIN C.I. | D1117L |
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative review has been received and reviewed, and evaluated.

It is noted that the responses to formal grievance 1906-430-108 and 1906-430-030 are incorrect. However, the response to formal grievance 1905-430-130 is correct. The issue raised in 1906-430-030 was referred to the Office of the Inspector General and subsequently referred to management for their review. These issues have been appropriately reported. If you have questions regarding the issue raised in formal grievance 1905-430-130, you may write the Office of the Inspector General. If you have questions regarding the issue raised in formal grievance 1906-430-030, you may write the Warden.

Based on the foregoing information, your appeal is denied.

S. MILLIKEN

| | S. Milliken (signature) | 7/12/19 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

EXHIBIT #A
CASE NO: 9:21 CV 82123
JUDGE MR. MIDDLEBROOKS

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
JUL 03 2019
Department of Corrections
Inmate Grievance Appeals

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden  ☐ Assistant Warden  ☒ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Last: GOMEZ  First: MAXIMO  Middle Initial: ___
DC Number: M11644
Institution: MARTIN C.I.

**Part A – Inmate Grievance**  19-6-25801

CLARIFICATION

IN Regards To The INSTITUTION, INMATE GOMEZ HAS To HAVE The opportunity TO Exhaust His "PREA-Retaliation" proper Due To incorrect Response at The INSTITUTION Level. "Administrative Review Required" CENTRAL Office Records Will provide THE proper INFORMATION That ONLY THE "PREA" CASE NOT THE "PREA RETALIATION" BEEN Proper EXHAUSTED. INSTITUTIONAL LOG # 1905-430-130 CENTRAL Office LOG # 19-6-22515." PREA CASE EXHAUSTED". INMATE GOMEZ IS "NOW" EXHAUSTING "PREA RETALIATION CASE"!! "PREA RETALIATION" FAILURE TO PROTECT/PHYSICAL ASSUALT." ON May. 13. 2019 AT 9:10 A.M While INCARCERATED SouthBAY. C. Facility, confinement MANAGEMENT WING (4) CELL # M4-209, INMATE GOMEZ Signed Up Along WITH INMATE Sullaven CELL # M4-205 AND INMATE FRANCIS CELL # M4-206 For Rec. Video Evidence Will Show Officer F. Hopson, Officer W. Allen pull INMATE Sullaven OUT FIRST Then Skip INMATE FRANCIS CELL AND COME PULL INMATE GOMEZ OUT (LATER ON I Will FIND OUT That Officer F. Hopson AND Officer W. Allen Return To INMATE FRANCIS CELL pulled Him OUT For Rec BUT Took him To Another REC YARD To Allow THE ATTACK To Happen. While AT REC LEFT UNSupervised Alone With INMATE Sullaven, INMATE GOMEZ WAS ATTACKED For (40) MINUTES, KICKED AND Punched, ETC. While UNDER Video Evidence. INMATE GOMEZ WAS TAKEN To LAKE LAND PARK Hospital Due To Serious Injuries That Officer F. Hopson AND W. Allen Allowed. "REMEDY" PREA RETALIATION CASE REPORTED AND EXHAUSTED "PENDING CIVIL COMPLAINT" THANK YOU!

DATE: 6/28/19
SIGNATURE OF GRIEVANT AND D.C. # M11644

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: # 1

Exhibit A
CASE NO: 9:21-CV-82123
Judge MR. MIDDLEBROOKS

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routing institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Submitted by the inmate on: JUL 01 2019
Receipt for Appeals Being Forwarded to Central Office
Institutional Mailing Log #: 19-7-005
(Received By): 1906-430-108 (405)
1906-430-030
1905-430-130
Officer C. Burgess
Officer F. Hopson +
Officer W. Allen

Grievance Office
INSTITUTION/FACILITY  CENTRAL OFFICE
INMATE (2 Copies)  INMATE
INMATE'S FILE  INMATE'S FILE - INSTITUTION/FACILITY
INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
  CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)  Incorporated by Reference in Rule 33-103.006, F.A.C.

Maximo Gomez #M11644
Columbia Correction Institution
Main unit
216 Southeast Corrections Way
Lakecity, Florida 32025

MAILED FROM
COLUMBIA
CORRECTIONAL
INSTITUTION

U.S. POSTAGE >> PITNEY BOWES
ZIP 32025 $ 000.73°
0000379442 JAN 21 2022

To: United States District Court
Southern District of Florida
Office of The Clerk: Room 8N09
Miami Division
400 North Miami Avenue
Miami, Florida 33128-7716

USMS INSPECTED

RECEIVED
JAN 27 2022
2:19 PM

LEGAL MAIL PROVIDED TO
COLUMBIA CORRECTIONAL INSTITUTION
ON 1-21-22