UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-cv-82123-DMM

MAXIMO GOMEZ,

    Plaintiff,

vs.

SERGEANT N. JEFFERSON,
OFFICER F.O. HOPSON,
OFFICER M. ALLEN,
INDIVIDUALLY SUED,

    Defendants.

_____/

**DEFENDANTS', SERGEANT N. JEFFERSON, OFFICER F.O. HOPSON, AND OFFICER M. ALLEN, ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

    Defendants, Officer M. Allen, Officer F.O. Hopson, and Sergeant N. Jefferson (collectively, "Defendants"), by and through the undersigned attorneys, file this Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial, and state as follows:

    1.    Defendants admit only that Plaintiff has brought a cause of action purporting to seek damages under 42 U.S.C. § 1983 and § 1988. Otherwise denied, and Defendants expressly deny Plaintiff is entitled to any such damages.

    2.    Paragraph 2 contains a jurisdictional allegation to which no response is required. For purposes of this Court's subject-matter jurisdiction, Defendants admit the Court has jurisdiction at this time.

1

CASE NO. 21-cv-82123-DMM

3. Paragraph 3 contains a jurisdictional allegation to which no response is required. For purposes of this Court's subject-matter jurisdiction, Defendants admit the Court has jurisdiction at this time.

4. Defendants admit only that Plaintiff was confined at Southbay Correctional Facility during relevant times subject to the Complaint. Defendants lack information sufficient to admit or deny the remaining allegations contained in Paragraph 4, and demands strict proof thereof.

5. Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 5, and demands strict proof thereof.

6. Admitted.

7. Denied, and Defendants demand strict proof thereof.

8. Admitted.

9. Defendants admit only that Plaintiff has brought a cause of action purporting to seek damages under 42 U.S.C. § 1983 for alleged violations of rights under the 8th and 14th Amendments to the United States Constitution. Otherwise denied, and Defendants expressly deny Plaintiff is entitled to any such damages.

10. Paragraph 10 contains a jurisdictional allegation to which no response is required. For purposes of this Court's subject-matter jurisdiction, Defendants admit the Court has jurisdiction at this time.

11. Denied, and Defendants demand strict proof thereof.

CASE NO. 21-cv-82123-DMM

## STATEMENT OF CLAIM[1]

1. Defendants admit only that Plaintiff has brought a cause of action purporting to seek damages under 42 U.S.C. § 1983. Otherwise denied, and Defendants expressly deny Plaintiff is entitled to any such damages.

2. Defendants admit only that Plaintiff has brought a cause of action purporting to seek damages under 42 U.S.C. § 1983. Otherwise denied, and Defendants expressly deny Plaintiff is entitled to any such damages.

3. Defendants admit only that Plaintiff has brought a cause of action purporting to seek damages under 42 U.S.C. § 1983. Otherwise denied, and Defendants expressly deny Plaintiff is entitled to any such damages.

4. Paragraph 4 contains a legal conclusion that does not required a response from Defendants. Otherwise, and in an abundance of caution, denied.

5. Paragraph 5 contains a legal conclusion that does not required a response from Defendants. Otherwise, and in an abundance of caution, denied.

## CAUSE OF ACTIONS

1. Denied, and Defendants demand strict proof thereof.

## STATEMENT OF FACTS

1. Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 1, and demands strict proof thereof.

---

[1] Plaintiff's Complaint restarts the numbering of the paragraphs at each section; therefore, Defendants restart the numbering of the paragraphs after each section for ease of reference.

CASE NO. 21-cv-82123-DMM

2. Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 2, and demands strict proof thereof.

3. Denied as phrased.

4. Denied, and Defendants demand strict proof thereof.

5. Denied, and Defendants demand strict proof thereof.

6. Denied, and Defendants demand strict proof thereof.

7. Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 7, and demands strict proof thereof.

8. Denied, and Defendants demand strict proof thereof.

9. Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 9, and demands strict proof thereof.

10. Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 10, and demands strict proof thereof.

11. Denied as phrased.

12. Denied, and Defendants demand strict proof thereof.

13. Denied as phrased. Defendants expressly deny any implication or inference they knew of, supported, facilitated, or otherwise participated in any attack by inmate Steven Sullivan against Plaintiff.

14. Denied as phrased.

15. Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 15, and demands strict proof thereof.

CASE NO. 21-cv-82123-DMM

16. Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 16, and demands strict proof thereof.

17. Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 17, and demands strict proof thereof.

18. Denied, and Defendants demand strict proof thereof.

19. Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 19, and demands strict proof thereof.

20. Denied, and Defendants demand strict proof thereof.

21. Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 21, and demands strict proof thereof.

22. Denied as phrased.

23. Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 23, and demands strict proof thereof.

24. Denied, and Defendants demand strict proof thereof.

25. Denied, and Defendants demand strict proof thereof.

26. Denied, and Defendants demand strict proof thereof.

27. Denied, and Defendants demand strict proof thereof.

28. Denied, and Defendants demand strict proof thereof.

29. Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 29, and demands strict proof thereof.

30. Denied, and Defendants demand strict proof thereof.

31. Denied, and Defendants demand strict proof thereof.

CASE NO. 21-cv-82123-DMM

32. Denied, and Defendants demand strict proof thereof.

33. Denied as phrased.

34. Denied as phrased.

35. Denied as phrased.

36. Denied, and Defendants demand strict proof thereof.

37. Denied as phrased.

38. Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 38, and demands strict proof thereof.

39. Denied, and Defendants demand strict proof thereof.

40. Denied as phrased.

41. Denied, and Defendants demand strict proof thereof.

42. Denied, and Defendants demand strict proof thereof.

43. Denied, and Defendants demand strict proof thereof.

44. Denied, and Defendants demand strict proof thereof.

45. Defendants admit only that Plaintiff has brought a complaint seeking damages. Otherwise denied, and Defendants expressly deny Plaintiff is entitled to any such damages.

46. Denied, and Defendants demand strict proof thereof.

47. Denied, and Defendants demand strict proof thereof.

**RELIEF REQUESTED**

A. Paragraph A contains a remedy request to which no response is required.

1. Denied, and Defendants demand strict proof thereof.

2. Denied, and Defendants demand strict proof thereof.

3.     Denied, and Defendants demand strict proof thereof.

4.     Denied, and Defendants demand strict proof thereof.

5.     Paragraph 5 contains a trial by jury demand to which no response is required.

## PREVIOUS LAWSUIT BY PLAINTIFF

1.     Paragraph 1 contains a statement relating to a previous lawsuit filed by Plaintiff to which no response is required.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.     Denied, and Defendants demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has not exhausted his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 USC Section 1997(e) and Florida Statutes Sections 944.09 and 944.331.

2.     Plaintiff has failed to comply with any and all administrative procedures prior to bringing these claims against Defendants, and, thus, all such claims are precluded and subject to dismissal.

3.     Plaintiff has failed to comply with any and all grievance procedures before bringing his claims against Defendants, and, thus, all such claims are precluded and subject to dismissal.

4.     Pursuant to the doctrine of comparative fault, Plaintiff's claims against Defendants should be extinguished or reduced.

5.     Plaintiff's actions were the sole legal cause of any loss, injuries, or damage to Plaintiff, barring his recovery from Defendants.

6.     Plaintiff's alleged injuries and damages, if any, were proximately caused by other non-parties, distinct and unrelated to any action or inaction of Defendants, and whose actions were

the sole proximate cause of Plaintiff's injuries, or a intervening and superseding cause of Plaintiff's injuries, such that Defendants cannot be liable for the same.

7. Plaintiff complains of actions taken by Defendants while acting in their official capacity as employees of Southbay Correctional Facility. In carrying out the complained-of actions, Defendants were acting in good faith, within the scope of their authority. Thus, defendants are entitled to qualified, good faith immunity from suit.

8. Plaintiff has failed to mitigate his damages, and as should his claims against Defendants should be extinguished or reduced.

9. To the extent Plaintiff was exposed to a dangerous condition, Plaintiff knew of the alleged danger complained of, realized and appreciated the possibility of injury posed by said danger, and voluntarily exposed himself to the danger, notwithstanding his having a reasonable opportunity to avoid it (by, for instance, seeking to be placed in protective custody or otherwise informing Defendants of any credible threat to his safety).

10. Defendants contend the payment by The GEO Group, Defendants' employer, and acceptance by Plaintiff shows the parties reached an accord and satisfaction. In order for Defendants to prevail on this defense, Defendants must show the parties specifically agreed to the discharge of an existing obligation in a manner other than originally stated. Plaintiff, in writing, agreed to discharge The GEO Group and its respective past, present, and future officers and employees, including Defendants, from any and all past, present, or future claims Plaintiff had on July 28, 2021, relating to bodily and personal injuries to Plaintiff from the alleged negligent or intentional acts or omissions of The GEO Group and the Southbay Correctional Facility.

CASE NO. 21-cv-82123-DMM

11. Defendants assert that on July 28, 2021, for a good and valuable consideration, Plaintiff, by a writing, released Defendants from all liability to Plaintiff for any and all past, present, and future claims that Plaintiff had against The GEO Group and its respective past, present, and future officers and employees, including Defendants.

12. Defendants reserve the right to amend its affirmative defenses as additional facts are discovered through the course of litigation.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury of all issues so triable as of right by a jury.

Dated: 2/2/2022

Respectfully submitted,

*/s/ Michael A. Weitzner*
Carlos A. Garcia, Esquire
Florida Bar No. 99768
CAGarcia@WickerSmith.com
Michael A. Weitzner, Esquire
Florida Bar No. 1025786
MWeitzner@WickerSmith.com
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Sergeant N. Jefferson, Officer F.O. Hopson, and Officer M. Allen
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Phone: (954) 847-4800
Fax: (954) 760-9353
ftlcrtpleadings@wickersmith.com

CASE NO. 21-cv-82123-DMM

## **CERTIFICATE OF SERVICE**

      WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on February 2, 2022, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

      */s/ Michael A. Weitzner, Esq.*
Carlos A. Garcia, Esquire
Michael A. Weitzner, Esquire