UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

MAXIMO GOMEZ  CASE NO: 21-82123-CV-MIDDLEBROOKS

VS.

SERGEANT N. JEFFERSON, ET AL

PROVIDED TO APALACHEE CORRECTIONAL INSTITUTION ON 4/7/22 FOR MAILING

## Plaintiffs Motion To Compel Discovery

The Plaintiffs Moves Pursuant To Rule 34(b) And 37(A), Fed. R. Civ. P. For An Order Compelling The defendants To Produce for Inspection And Copying The Documents Requsted On Feb. 17. 2022.

## Declaration in Support of Motion To Compel

Maximo Gomez, declares under penalty of Perjury:

(1) I am The Plaintiff in This Case, I make This Affidavit in Support of My Motion To Compel Discovery.

(2) On Feb. 17. 2022, I Served on The defendants Counsel A Requst For production Of Documents, Which is Attached To This Affidavit As Exhibit 1

(3) Defendants did Not Respond To This Requst within The 30 Days Allowed, Nor did They Requst An Extension Of Time From This Court Or Agreement From The Plaintiff To An Extension Of Time.

(4) Defendants objections Are Waived As A Result Of Their failure To make Them In A Timely Manner, As set Forth In The brief Accompanying This motion.

(5) Defendants objections On The Ground That The Discovery Sought is Irrelevant, burdensome And privileged have No Merit, As set Forth In The brief Accompanying This

Motion: Date: 4-6-22

Respectfully Submitted
* [signature] M11644

Maximo Gomez # M11644
Apalachee Correction Institution
East Unit
35 Apalachee Drive
Sneads, Florida 32460

## "Brief in Support of Motion To Compel Discovery"

This is a § 1983 action filed by a prisoner at Apalachee Correction Institution seeking damages, a declaratory judgement and injunctive relief based on failure to protect.

### Statement of Facts

On Feb. 17, 2022, The Plaintiff served a Request for Production of Documents pursuant to Rule 34, Fed. R. Civ. P. as set forth in the Plaintiff's declaration. The Defendants failed to respond within 30 days, and did not make any efforts to obtain extension from the Court or by contacting the Plaintiff. After two monthes, the Plaintiff requsted a response. After several weeks, the defendants served a response in which they objected to the Plaintiffs entire requst. Defendants counsel has not responded to the Plaintiffs efforts to resolve this dispute. See Plaintiff's declaration.

### Argument 1

Defendants have waived their objections by their failure to respond timely to the Requst.

The Rules provide that responses and objections to requst for production of documents are to be served within 30 days of the Requsts unless the Courts grants a shorter or longer time. Rule 34, Fed. R. Civ. P. The defendants however, waited almost (2) monthes before responding. Without obtaining or even seeking permission from the Court, or agreement from the Plaintiff's for this delay.

It is well established in Federal Practice that discovery objections are waived if a party fails to object timely to interrogatories, production request or other discovery efforts. Godsey vs United States, 133. F.R.D 111, 113 (S.D. Miss 1990) Demary V. Yamaha Motor Crop. 125 F.R.D 20, 22 (D. Mass 1989) and cases cited. "Waiver is enforced even if the objections are based on a claim of privilege. Marx V. Kelly. Hart V. Halman. P.C. 929 F. 2d (1st Cir. 1991) As shown in the next point. The Discovery sought is not only proper but is highly Appropriate and Relevant.

## (Point 2)

The Discovery sought is Relevant to the Claims and Defenses in this case.

Defendants belated objection state that the documents requested by the Plaintiff are irrelevant to the action. Argument is frivolous. Rule 26(b)(1) Fed. R. Civ. P. Permits discovery of any nonprivileged matter is Relevant to any partys claim or defense. Each item sought by the Plaintiff is Relevant to the Claims and Defenses in the case. As explained below.

(A) Documents Relevant to past mistreatment of Inmates by Defendants (SGT) N. Jefferson, Officer F.O. Hopson, Officer M. Allen.

(B) Video evidence of Southbay Confiment Rec Yard

(C) Plaintiff has Alleged that Repeated Complaints about mistreatment of inmates have been made on all Defendants and that noting has been doned about them. Evidence to that effect would be highly Relevant to the Claim of Failure to Protect Against all Three Defendants for Security set out in 29 and 58 of the Compliant See Beck vs City

... 1001, 973-74 (3rd Cir 1996) Citing PARRish vs Luckie, 963 F.2D 10, 14-16 (8st Cir 1992) This Evidence may also support the Claim Against The Officers Themselves Rule 404(B) Fed. R. Evid. Provides Evidence of other Crimes, Wrongs, or Acts is Not Admissible To Prove The Character of A Person in Order To Show That he Acted in Conformity Therewith IT May, however be Admissible For other purposes, such As Proof of Motive, Opportunity, Intent, Preparation, Plan, Knowledge, identity or Absence of Mistakes or Accident. SEE BARNES vs City of Cincinati, 401 F3D 729, 741, 42 (6th Cir 2005)

For These Reasons The Material Sought is Relevant and Should be Produced.

## CONCLUSION

For The Foregoing Reasons, The Court Should Grant Plaintiffs Motion To Compel Discovery.

DATE 4-6-22.

Respectfully Submitted

*[signature] M11644*

Maximo Gomez #M11644
Apalachee Correction Institution
EAST unit
35 Apalachee Drive
Sneads, Florida 32460

## Certificate of Service

I, here By Swear under perjury That The foregoing Mail was Placed iN PrisoN Officials hands For mailing To Clerks of The united STATES District Court, Southern District of FLORIDA Miami Division Room 8N09 400 North miami AveNue, Miami, FLORIDA 33128-7916

Attorney Michael A. Weitzner
515 EAST LAS OJAS BLVD, SunTrust Center
Suite #1400
F.T Lauderdale, FLORIDA, 33301

DATE 4/6/22 (S) [signature]

Maximo Gomez #M11644
Apalachee Correction Institution
EAST unit
35 Apalachee Drive
Sneads, FLORIDA 32460

103860-7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-cv-82123-DMM

MAXIMO GOMEZ,

    Plaintiff,

vs.

SERGEANT N. JEFFERSON,
OFFICER F.O. HOPSON,
OFFICER M. ALLEN,
INDIVIDUALLY SUED,

    Defendants.
_____/

### DEFENDANTS, SERGEANT N. JEFFERSON, OFFICER F.O. HOPSON, AND OFFICER M. ALLEN'S, RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

    Defendants, Sergeant N. Jefferson, Officer F.O. Hopson, and Officer M. Allen ("Defendants"), by and through its undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure, responds to Plaintiff's First Request for Production dated February 17, 2022 as follows:

    1.    Florida Department of Corrections Office of the Inspector General Investigative materials related to the issues outlined in Plaintiff's Complaint, to include the full investigation file in re incident date May 13, 2019, involving Maximo Gomez #M11644, including (but not limited to):

        a.    Fixed wing video.

        b.    Medical and mental health records.

        c.    Interviews of involved persons and witnesses.

CASE NO. 21-cv-82123-DMM

    d. Final report and recommendations.

**RESPONSE:** Upon reasonable investigation and search, Defendants are not in possession of Florida Department of Corrections Office of the Inspector General Investigative materials related to the issues outlined in Plaintiff's Complaint.

Dated: 3/25/2022

                                  Respectfully submitted,

                                  */s/ Michael A. Weitzner*
                                  Carlos A. Garcia, Esquire (FBN 99768)
                                  CAGarcia@WickerSmith.com
                                  Michael A. Weitzner, Esquire (FBN 1025786)
                                  MWeitzner@WickerSmith.com
                                  WICKER SMITH O'HARA MCCOY & FORD, P.A.
                                  Attorneys for Sergeant N. Jefferson, Officer F.O. Hopson, and Officer M. Allen
                                  515 E. Las Olas Boulevard
                                  SunTrust Center, Suite 1400
                                  Ft. Lauderdale, FL 33301
                                  Phone: (954) 847-4800
                                  Fax: (954) 760-9353
                                  ftlcrtpleadings@wickersmith.com


Exhibit 1

CASE NO. 21-cv-82123-DMM

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on March 25, 2022, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ Michael A. Weitzner, Esq.
Carlos A. Garcia, Esquire
Michael A. Weitzner, Esquire



Maximo Gomez # MM6444
Apalachee Correction Institution
EAST UNIT
35 Apalachee Drive
Sneads, Florida 32460

LEGAL MAIL

Mailed From A State Correctional Institution
8 APR 2022 PM

To: United States District
Southern District of
Miami Division
Office of The Clerk
400 North Miami Ave
Miami, Florida 33128

PROVIDED TO APALACHEE CORRECTIONAL INSTITUTION ON 4/7/22 FOR MAILING